57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald STORBALL; Florence Jackson, Plaintiffs-Appellants,
v.
TWENTIETH CENTURY FOX FILM CORPORATION, Defendant-Appellee.
 No. 94-55167.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.
Decided June 15, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Storball and Florence Jackson appeal the district court's summary judgment on their Lanham Act claims for trademark infringement. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 Storball and Jackson contend that they need not introduce evidence of consumer confusion to prevail on a false endorsement claim. We disagree. Consumer confusion is a central element of most Lanham Act claims. See, e.g., Newton v. Thomason, 22 F.3d 1455, 1461-63 (9th Cir.1994); New West Corp. v. NYM Co. of California, Inc., 595 F.2d 1194, 1201 (9th Cir.1979). It is also central to false endorsement claims. Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1109 n. 9 (9th Cir.1992).
 
 
 4
 Consumer confusion in false endorsement cases involves two analytically distinct elements: 1) identity and 2) endorsement/sponsorship. First, are consumers likely to be confused as to the identity of the purported endorser? See id. at 1111; Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd., 604 F.2d 200, 204-05 (2d Cir.1979); Allen v. National Video, Inc., 610 F.Supp. 612, 626-27 (S.D.N.Y.1985). Second, does the distinctive feature identifying the plaintiff create confusion over whether the plaintiff endorsed or sponsored the product? See International Order of Job's Daughters v. Lindeburg & Co., 633 F.2d 912, 919-20 (9th Cir.1980); Consumers Union of United States, Inc. v. General Signal Corp., 724 F.2d 1044, 1052 (2d Cir.1983); Better Business Bureau of Metropolitan Houston, Inc. v. Medical Directors, Inc., 681 F.2d 397, 400 (5th Cir.1982); Dallas Cowboys Cheerleaders, 604 F.2d at 205. The Waits court recognized these distinct aspects when it concluded that the Waits jury had been properly instructed on confusion because it was required to determine "whether 'ordinary consumers ... would be confused as to whether Tom Waits sang on the commercial ... and whether he sponsors or endorses SalsaRio Doritos.' " 978 F.2d at 1111.
 
 
 5
 Both of these prongs must be satisfied regardless of whether the violation occurred through actual use of the Appellant's song or the use of a "sound-alike." In other words, there is no evidentiary presumption of confusion in cases where there is actual use, as Appellant contends. In this case, identity is clear; Fox used The Capitols' actual recording of "Cool Jerk," not an imitation. But the second issue remains: did use of "Cool Jerk" in the sound track of Fox's commercials imply endorsement or sponsorship of Fox's movies by the musicians performing the song? As to that point, Storball must still show actual or likely consumer confusion. Storball has introduced no evidence on this material element of his claim. Summary judgment was therefore proper.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3